# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KYLE MAURICE PARKS, | ) |
| Plaintiff, | ) )  ) |
| v. | )  No. 4:17-cv-1286-NCC |
| HOWARD MARCUS, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Kyle Maurice Parks, a federal prisoner, for leave to commence this civil action without prepayment of the filing fee (Docket No. 12). The motion will be granted, and this case will be dismissed pursuant to 28 U.S.C. § 1915(e).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an affidavit and an inmate account statement showing an average monthly balance of $67.96. The Court will therefore assess an initial partial filing fee of $13.59, twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a *pro se* complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary

civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**Background**

The following background provides necessary context for the case at bar. In December of 2015, plaintiff was indicted in this Court on a charge of knowingly transporting a minor in interstate commerce with the intent that the minor engage in prostitution, and in August of 2016, a Superseding Indictment was returned that expanded the nature and number of the charges. *See United States v. Parks*, 4:15-cr-553-JAR-1 (E.D. Mo. Apr. 19, 2017).[1]  Assistant United States Attorney Howard Marcus, a named defendant in the case at bar, represented the government during plaintiff's criminal prosecution. During the pretrial proceedings, plaintiff was detained in the Ste. Genevieve Detention Center ("SGDC"). On January 12, 2017, following a jury trial, plaintiff was found guilty of one count of transportation of a minor to engage in a commercial sex act, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2); two counts of attempted transportation of a minor to engage in a commercial sex act, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2); and six counts of transportation with intent to engage in prostitution, in violation of 18 U.S.C. § 2421(a). On April 19, 2017, plaintiff was sentenced to a total term of 300 months' imprisonment, and committed to the custody of the Bureau of Prisons. *Id.*

In the case at bar, plaintiff filed a complaint on April 7, 2017, but neither paid the filing fee nor sought leave to proceed *in forma pauperis*. This Court ordered him to do one or the

---

[1] This Court takes judicial notice of this record. *See Cravens v. Smith*, 610 F.3d 1019, 1029 (*quoting In re Papatones*, 143 F.3d 623, 624 n. 3 (1st Cir. 1998) ("The court may take judicial notice of its own orders and of records in a case before the court.")); *United States v. Morris*, 451 F.2d 969, 972 (8th Cir. 1971) (The district court may take judicial notice of its own records).

other, and he timely complied. Subsequently, on April 25, 2017, plaintiff filed an amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915(e).

## The Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. However, because defendants Marcus and Deputy United States Marshal Marten are federal employees, plaintiff's claims against them for civil rights violations are most properly brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the "federal analog to suits brought against state officials under" § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n. 2 (2006). A *Bivens* claim involves the same analysis as one arising under 42 U.S.C. § 1983. *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

Plaintiff alleges that his civil rights were violated when the defendants caused him to be placed in some form of segregation within SGDC, which plaintiff terms "confinement," and denied him due process. According to plaintiff's notations next to each defendant's name in the caption of the amended complaint, he sues Marcus in his individual capacity, and he sues Marten and Patricia Karol (an employee of the SGDC) in both their official and individual capacities. Specifically, plaintiff alleges as follows:

> 1. Sgt. Patricia Karol sent A.U.S.A. Howard Marcus a copy of a conversation I had with my son on the date of 09-13-2016 asking him to see if two females associated with my case were going to come and testify.
>
> 2. After A.U.S.A. Howard Marcus received this information, believing I was trying to stop the females from coming to court, he notified United States Marshal Ryan Marten that I was under investigation.
>
> 3. Ryan Marten then contacted Sgt. Karol at Ste. Genevieve Detention Center and ordered I be placed in confinement. I have not received a hearing, discipline report, cause of confinement review, due process, etc. . . . I was confined from Oct. 3, 2016 – Feb. 16, 2016, released and then placed back in confinement after Sgt. Patricia Karol opened my outgoing mail, made a copy of a

4

> letter to my daughter and sent the copy to A.U.S.A. Howard Marcus. On March 13, 2017 I was returned to confinement and as of the writing of this complaint have not received a hearing 4-7-2017.

(Docket No. 8 at 5). Plaintiff does not name the person or persons who were directly responsible for placing him in confinement or denying him review. As relief, plaintiff seeks release from confinement and "no further harassment or confinement without due process." (*Id.* at 6) He also seeks "$200.00 for every day of confinement for the first act $5000.00 punitive, $300.00 for every day confinement second act, $7500 punitive." (*Id.*)

### Discussion

As an initial matter, the Court concludes that any claim for injunctive relief is now moot because plaintiff is no longer incarcerated at the SGDC. *See Pratt v. Corr. Corp. of Am.*, 267 Fed. Appx. 482, 482 (8th Cir. 2008) (holding that a state inmate's claim for injunctive relief was moot upon his transfer to federal custody); *Randolph v. Rodgers*, 253 F.3d 342, 345-46 (8th Cir. 2001) (denying a prisoner's requested prospective injunctive relief as to employees of a correctional facility at which the prisoner was no longer incarcerated, because those employees had no authority to enact any granted injunctive relief at the prisoner's present facility).

To the extent plaintiff seeks to sue Marten, an employee of the United States Department of Justice, in his official capacity, such claims fail. A *Bivens* action cannot be brought against the United States, its agencies, or its government officials who are sued in their official capacities. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994); *see also Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 812 (8th Cir. 2008) ("*Bivens* allows for a cause of action for damages against federal officials, not federal agencies, for certain constitutional violations"); *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) (complaint against a government official in his

official capacity is a suit against the United States, and sovereign immunity precludes prosecution of a *Bivens* action against the United States).

To the extent plaintiff sues Karol in her official capacity, such claims fail. Naming a government official in her official capacity is the equivalent of naming the government entity that employs her. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). The amended complaint contains no allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. Therefore, as to plaintiff's claims against Karol in her official capacity, the amended complaint is legally frivolous and fails to state a claim upon which relief can be granted.

To the extent plaintiff sues Marcus, Marten and Karol in their individual capacities for monetary damages, the amended complaint fails to state a claim upon which relief may be granted under § 1983 or *Bivens*. Plaintiff does not allege that any named defendant was directly responsible for placing him in any form of segregation within the SGDC, or for denying him review. Instead, plaintiff alleges only that each defendant shared some form of information that caused someone else to place him in confinement, and to deny him review of that decision. These allegations of indirect involvement in allegedly unconstitutional conduct are not cognizable in these proceedings because liability under § 1983 and *Bivens* requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally

6

involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 suits). While plaintiff alleges that Marten contacted Karol and ordered him placed in confinement, Marten is a Deputy United States Marshal, not a SGDC employee or SGDC official with the authority to either place plaintiff in any form of segregation within SGDC, or grant or deny him any form of review. Allegations that plaintiff was placed in confinement without review by an unnamed person or persons following Marten's contact does not state a *Bivens* claim against Marten. *See Ziglar v. Abbasi*, --- S.Ct. ---, 2017 WL 2621317 (Jun. 19, 2017) (a *Bivens* claim can be brought against an individual officer only for his own acts, not for the acts of others).

As an additional matter, the amended complaint contains no allegations of an express intent to punish, as would be required to state a claim for unconstitutional placement in some form of segregation during the time plaintiff was a pretrial detainee. *See Bell v. Wolfish*, 441 U.S. 520, 535, 538 (1979) (Absent a showing of express intent to punish, a particular condition of confinement is not punishment if it is rationally related to a legitimate government objective). Furthermore, the allegations in the amended complaint tend to show that the first instance of plaintiff's placement in confinement was rationally related to the legitimate government objective of preventing witness tampering. Regarding the time after plaintiff was adjudicated guilty, the amended complaint fails to state a claim for unconstitutional placement in some form of segregation because it fails to allege there was a difference between his new conditions in confinement and the conditions in the general population which amounted to an atypical and significant hardship. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *see also Sandin v. Conner*, 515 U.S. 472 (1995) (for the Due Process Clause to be implicated, an inmate subjected

to segregation must have been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life.")

After carefully reading the amended complaint and giving it the benefit of a liberal construction, the Court concludes the claims plaintiff wishes to bring are not cognizable under *Bivens* or § 1983. It is obvious plaintiff very carefully and thoughtfully prepared the amended complaint. He sets forth his allegations against each defendant in a logical manner, and he is very clear about the specific claims he wishes to bring against each defendant. It is therefore apparent that the problems with the amended complaint would not be cured by permitting plaintiff to file a second amended pleading. The amended complaint will therefore be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's later-filed, duplicative motion for leave to proceed *in forma pauperis* (Docket No. 12) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $13.59 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. A separate order of dismissal will be filed herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 5th day of July, 2017.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE