UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KYLE MAURICE PARKS, )
)
Plaintiff, )
)
v. ) No. 4:17-cv-1286-NCC
)
HOWARD MARCUS, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion for reconsideration filed by Kyle Maurice Parks. The motion will be denied.

Plaintiff commenced this action on April 7, 2017, alleging violation of his civil rights. He sought and was granted leave to proceed in forma pauperis, and the Court reviewed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Upon review, the Court determined that the complaint was subject to dismissal because it was frivolous and/or failed to state a claim upon which relief may be granted. The Court dismissed the case, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

In the instant motion, plaintiff avers that his complaint was dismissed because he failed to pay the filing fee, and he explains his inability to do so. He asks that the Court "reconsider the denial of motion to refile and consolidate" his case with two other civil cases, both of which are closed. He asks to file a "supplemental letter," but he does not describe it or explain its relevance.

Federal Rule of Civil Procedure 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metropolitan St.*

*Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).  They are not a means to re-litigate matters that were previously resolved, nor are they a means to raise arguments or present evidence that could have been presented prior to the entry of judgment unless good cause is shown for such failure.  *Innovative Home Health Care*, 141 F.3d at 1286.  Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."  *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *U.S. v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)).  Rule 59(e) and Rule 60(b) are analyzed identically.  *Metropolitan St. Louis Sewer Dist.*, 440 F.3d at 935 n. 3.

To the extent plaintiff can be understood to seek reconsideration of this Court's dismissal of his case, the motion is meritless.  Plaintiff fails to point to any manifest errors of law or fact or any newly discovered evidence, and he fails to set forth any exceptional circumstances justifying relief.  As explained above, this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), not because plaintiff failed to pay the filing fee, as he avers.  In addition, plaintiff does not describe the supplemental letter or explain how it is relevant, nor does he claim to have newly discovered evidence.  To the extent plaintiff can be understood to seek reconsideration of the Court's denial of his motion for leave to file an amended complaint, or the denial of any motion to consolidate this case with another action, the motion is equally meritless.  It will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration (Docket No. 20) is **DENIED.**

Dated this 5th day of March, 2018.

_E. Richard Webber_

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE